UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUDIMIR DAMNJANOVIC et al.,

        Plaintiffs,        Civil Case No. 14-11920
                                        Honorable Linda V. Parker

v.

UNITED STATES DEPARTMENT
OF THE AIR FORCE et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF NO. 16]**

Plaintiffs Budimir Damnjanovic and Desanka Damnjanovic ("Plaintiffs") seek compensation under the Invention Secrecy Act, 35 U.S.C. § 183, among other things, for damages allegedly resulting from two secrecy orders the Government imposed on their patent application. Thereafter, Defendants United States of America, United States Department of the Air Force, United States Department of Defense, Deborah Lee James, and Charles T. Hagel (collectively "Defendants" or "the Government") filed their motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). As set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

1

I.

**Factual Background**

Plaintiffs purport that they are the inventors of the subject matter of U.S. Patent Application Serial Number 11/881,492 (the "'492 Application"). (Compl., ECF No. 1 at Pg. ID 1.) Plaintiffs filed their patent application on July 28, 2007, with the United States Patent & Trademark Office ("Patent Office"). (*Id.*) On January 22, 2009, at the request of the Air Force, the Patent Office issued a secrecy order, pursuant to 35 U.S.C. § 181. (*Id.* at Pg. ID 4.) On November 21, 2013, the Patent Office issued a second secrecy order. (*Id.*) The secrecy orders prohibited and subjected Plaintiffs to penalties for unauthorized publication or disclosure of the subject matter of the '492 Application. (*Id.*)

On November 21, 2011, the Patent Office issued a Notice of Allowability, pertaining to the '492 Application – the issuance of which allowed Plaintiffs to file an administrative claim for compensation for any purported damage caused by the secrecy orders, and for any purported use of the invention by the Government resulting from Plaintiffs' disclosure (*Id.*; Defs.' Mot., ECF No. 16 at Pg. ID 73.) Thereafter, in June or July 2012, Plaintiffs timely submitted their administrative claim for compensation with the Air Force, pursuant to 35 U.S.C. § 183. (Compl., ECF No. 1 at Pg. ID 5.) The Air Force denied Plaintiffs' administrative claim, determining that Plaintiffs were not entitled to any compensation. (*Id.*)

Plaintiffs, thereafter, exhausted their administrative remedies and filed the instant action. (*Id.*) In their complaint, Plaintiffs bring four claims against Defendants: (1) just compensation pursuant to 35 U.S.C. § 183; (2) unjust enrichment pursuant to 28 U.S.C. § 1346 and Michigan common law; (3) "declarative relief that 35 U.S.C. § § 181–188 are unconstitutional"; and (4) "declarative relief ordering Defendants to issue rules and regulations to enable the Defendants to carry out the provisions of 35 U.S.C. § 183." (*Id.* at Pg. ID 5–10.) Subsequent to the filing of the complaint, Defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (ECF No. 16.)

## II.

**Standard of Review**

Defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter," while Rule 12(b)(6) addresses the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1), (b)(6). "When a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court should consider the 12(b)(1) motion first because the 12(b)(6) motion is moot if subject matter jurisdiction does not exist." *Taylor v. Dep't of Human Servs. of Michigan*, No. 09-CV-14639, 2010 WL 1257347, at *1-2 (E.D.

Mich. Mar. 30, 2010) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)).

Only a complaint that states a plausible claim for relief survives a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). Further, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555.

### III.

**Just Compensation Claim**

35 U.S.C. § 181 authorizes the Commissioner of Patents, upon the recommendation of a specified federal agency, to order that an invention be kept secret and to withhold the publication of an application or the grant of a patent if

4

publication or disclosure "might ... be detrimental to the national security." 35 U.S.C. § 181. "To justify the imposition of a secrecy order, the Government itself need not have any interest in the invention." *Linick v. United States*, 104 Fed. Cl. 319, 321 (2012) *aff'd,* 515 F. Appx. 892 (Fed. Cir. 2013) (citing *Hornback v. United States*, 36 Fed. Cl. 552, 554 (1996)). "The only requirement under § 181 is that the appropriate government agency determine that divulgence might harm national security." *Id.* After the Commissioner orders an invention to be kept secret, § 186 of the Invention Secrecy Act makes it a criminal offense to disclose the invention, or material information about the invention, without authorization. *Id.*

The Invention Secrecy Act provides relief for a patent owner who has been affected by a secrecy order, granting the owner the right to seek just compensation "for the damage caused by the order of secrecy." 35 U.S.C. § 183. "The *mere existence* of a secrecy order does not give rise to damages." *Linick*, 104 Fed. Cl. at 321 (further citations omitted). "Instead, something more must be shown." *Id.* To recover under § 183, it is not enough for a plaintiff to claim speculative damage; instead, recovery requires proof of either actual damage or concrete evidence of damages. *Id.* (citing *Constant v. United States*, 617 F.2d 239, 244 (Ct. Cl. 1980)) (further citations omitted).

Defendants assert that Plaintiffs have not stated a plausible claim for compensation under 35 U.S.C. § 1983 because: (1) Plaintiffs fail to allege any non-

5

speculative damages resulting from imposition of the secrecy order; and (2) Plaintiffs fail to allege any actual use of their purported invention by Defendants. (Defs.' Mot., ECF No. 16 at Pg. ID 77.)

"A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted." *Nuchols v. Berrong*, 141 F. Appx. 451, 453 (6th Cir. 2005) (citing *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir.1999) (further citations omitted). With this in mind, the Court finds that Plaintiffs have alleged sufficient facts, at least at this point in the litigation, to support their just compensation claim. In the complaint, Plaintiffs assert that they suffered injury as a result of the imposition of the secrecy orders – namely, Plaintiffs assert that they have suffered damages resulting from not being able to sell their invention, and no longer being able to market their invention. (Compl., ECF No. 1 at Pg. ID 5.) Additionally, Plaintiffs assert that the secrecy orders led to profit loss because they ruined Plaintiffs' business opportunities and stripped Plaintiffs of their foreign filing rights. (*Id.*) Further, Plaintiffs assert that Defendants have used their invention without providing just compensation for their use. (*Id.* at Pg. ID 6.) The factual content provided is plausible and contains both direct and inferential allegations respecting all material elements of Plaintiffs' just compensation claim, and allows the Court to draw a reasonable inference that Defendants are liable for the misconduct

6

alleged. Accordingly, the Court **DENIES** Defendants' motion as to Count 1 of the complaint.

## IV.

**Unjust Enrichment Claim**

Plaintiffs maintain in their complaint that Defendants were unjustly enriched as a result of the imposition of the secrecy orders on the '492 application, because their invention would have been used by third parties, contrary to the interests of the United States, were the secrecy orders not in place. (*Id.* at Pg. ID 7.) Plaintiffs further contend that they suffered from imposition of the secrecy orders, while Defendants benefitted, because Plaintiffs were prevented from selling, licensing and further marketing their invention. (*Id.*) Defendants move to dismiss Plaintiffs' unjust enrichment claim, pursuant to Rule 12(b)(1), arguing that the United States has not waived its sovereign immunity with respect to claims for unjust enrichment. The Court agrees.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *Holy Love Ministry v. United States*, No. 1:13 CV 1830, 2014 WL 2434700, at *2 (N.D. Ohio May 29, 2014) *aff'd,* No. 14-3583, 2015 WL 4926286 (6th Cir. Aug. 19, 2015) (citing *McGinness v. U.S.,* 90 F.3d 143, 145 (6th Cir. 1996)). A waiver of

7

sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *Id.* (citing *U.S. v. King,* 395 U.S. 1, 4 (1969)).

"[I]t is well established that, in the absence of an explicit waiver, there is no general waiver of sovereign immunity by the United States for unjust enrichment claims. *Van Dyk Mortgage Corp. v. United States*, 503 F. Supp. 2d 876, 878 (W.D. Mich. 2007) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Chem–Nuclear Sys., Inc. v. Arivec Chems., Inc.*, 978 F.Supp. 1105, 1110 (N.D. Ga. 1997)). Defendants correctly note that "no specific waiver of sovereign immunity exists to permit a suit against the government based on implied contractual theories such as unjust enrichment[.]" *Resolution Trust Corp. v. Kim*, No. CIV.A.94-CV-73768-DT, 1996 WL 426456, at *1 (E.D. Mich. Mar. 21, 1996). Accordingly, because Plaintiffs are unable to direct the Court to an explicit waiver of sovereign immunity as to unjust enrichment claims, the Court **GRANTS** Defendants' motion as to Count 2 of the complaint.

## V.

**Purported Constitutional Violations of the Invention Secrecy Act**

Plaintiffs request that the Court declare the Invention Secrecy Act "unconstitutional for violating the First and Fifth Amendments." (Compl., ECF No. 1 at Pg. ID 7–9.)

8

### A. First Amendment Violation

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to enter declaratory relief only "[i]n a case of actual controversy...." 28 U.S.C. § 2201(a). Article III's case and controversy requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing – that is, a sufficiently concrete and redressable interest in the dispute. *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (citing *Warshak v. United States,* 532 F.3d 521, 525 (6th Cir. 2008)). Accordingly, standing is the threshold question in every federal case. *Id.* (citing *Grendell v. Ohio Supreme Court,* 252 F.3d 828, 832 (6th Cir. 2001)) (further citations and quotations omitted).

To satisfy the Constitution's standing requirement, a party must establish that: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* (citing *Fieger v. Ferry,* 471 F.3d 637, 643 (6th Cir. 2006)). Chiefly, "[i]n the context of a declaratory judgment action, allegations of past injury alone *are not sufficient* to confer standing. The plaintiff *must allege and/or demonstrate* actual present harm or a significant possibility of future harm." *Ibid.* (emphasis added).

With respect to the purported First Amendment violation, Plaintiff contends that "[b]ecause the [Invention Secrecy Act] prohibits Plaintiffs from speaking of [their invention] to third parties, including potential customers, it violates the First Amendment of the Constitution." (*Id.* at Pg. ID 8.) Defendants contend that the Court does not have jurisdiction over this request because the secrecy orders have been lifted, and thus the issue is moot. (Defs.' Mot. ECF No. 16 at Pg. ID 92.)

Plaintiffs' First Amendment argument fails because the harms they claim they suffered are past injuries. Further, the purported prohibition on speech Plaintiffs allegedly endured is not an ongoing issue, given that the secrecy orders have been lifted.

Plaintiffs assert that they are challenging the constitutionality of the Invention Secrecy Act – rather than the constitutionality of the secrecy orders – and that because the Invention Secrecy Act is "an active federal statute that *has caused* damages to Plaintiffs under the First Amendment," declaratory relief is warranted. (*Id.*) This argument fails because, as previously stated, when seeking declaratory relief, allegations of past relief are insufficient to support standing. (Pls.' Resp. Br., ECF No. 17 at Pg. ID 142.) Accordingly, Plaintiff's First Amendment argument fails.

## B. Fifth Amendment Violation

Plaintiffs assert that the Invention Secrecy Act requires Plaintiffs to show damages, yet also prohibits Plaintiffs from disclosing the invention, thereby constituting a taking , depriving them "of property without due process and just compensation in violation of the Fifth Amendment." (Compl., ECF No. 1 at Pg. ID 9.) Further, Plaintiffs assert that they have lost foreign filing rights, and have also suffered commercial gain as a result of the imposition of the secrecy order, thereby "amount[ing] to an unconstitutional taking by the Government contrary to the Fifth Amendment." (*Id.*)

Defendants contend that Plaintiffs have failed to state a plausible takings claim against them since Plaintiffs are precluded from asserting a Fifth Amendment takings claim "because the Invention Secrecy Act provides the exclusive remedy for obtaining compensation for any taking of private property that occurred during the pendency of [the] secrecy order[s]." (Defs.' Mot., ECF No. 16 at Pg. ID 87.) The Court agrees.

Concerning damages resulting from imposition of the secrecy orders, "a Fifth Amendment takings argument is inappropriate, because 35 U.S.C. § 183 provides the *exclusive remedy* to inventor-owners for damages claimed as the result of a secrecy order imposed by the government." *Hornback v. United States*, 16 F.3d 422 (Fed. Cir. 1993) (emphasis added); *See Hornback v. United States*, 62

Fed. Cl. 1, 3 (2004) *aff'd,* 405 F.3d 999 (Fed. Cir. 2005). Accordingly, Plaintiff's Fifth Amendment argument fails.

Since the bases for Plaintiffs' request that the Court declare the Invention Secrecy Act unconstitutional are unsubstantiated, the Court **GRANTS** Defendants' motion as to Count 3.

## VI.

**Request for Order Requiring Implementation of Rules and Regulations**

Finally, Plaintiffs assert that pursuant to 35 U.S.C. § 188, Defendants should be required to adopt and issue rules and regulations enabling Defendants to carry out the provisions of 35 U.S.C. § 183, which allow for individuals to "apply to the head of any department or agency who caused the order to be issued, for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from [ ] disclosure." 35 U.S.C. § 183. (Compl., ECF No. 1 at Pg. ID 9–10.)

Plaintiffs fail to provide an adequate basis for the declaratory relief they seek. 35 U.S.C. § 183 provides the means for which a plaintiff may apply – to the head of a department or agency having caused the issuance of a secrecy order – to obtain compensation for damages caused by the secrecy order, and/or for the use of the invention by the Government resulting from disclosure. 35 U.S.C. § 183. While 35 U.S.C. § 188 provides that "[the government] *may separately issue* rules and

regulations to enable the respective department or agency to carry out the provisions of this chapter, and may delegate any power conferred by this chapter," the use of the nonobligatory term "may" – rather than "shall" or "must" – in § 188, makes quite apparent that Defendants are not required to issue separate rules and regulations to carry out the provisions of 35 U.S.C. § 183. Instead, Defendants have the option to implement additional rules and regulations, beyond those provided for in § 183, should they so choose. The Court cannot order Defendants to issue rules and regulations they are not, under law, obligated to implement. Thus, because Plaintiffs fail to direct the Court to any statute, order, or command, compelling agency action in this context, declaratory relief is unwarranted. Accordingly, the Court **GRANTS** Defendants' motion as to Count 4.

Accordingly, for the foregoing reasons, Defendants' motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) is **GRANTED IN PART AND DENIED IN PART** in that Counts 2, 3 and 4 are **DISMISSED WITH PREJUDICE**. Dismissal as to Count 1 of the complaint is **DENIED**.

    **SO ORDERED**.

                                    s/ Linda V. Parker
                                    LINDA V. PARKER
                                    U.S. DISTRICT JUDGE

Dated: September 22, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 22, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
